# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| MICHAEL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-CV-520 (MTT) |
| ) | |
| ) | |
| NORFOLK SOUTHERN RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant Norfolk Southern Railway Company has moved for summary judgment, and Plaintiff Michael Smith has moved for partial summary judgment. Docs. 13; 18. Both motions are **DENIED**.

## I. BACKGROUND

On January 30, 2016, Smith's coworker, Phillip O'Neal, allegedly fell and was injured when attempting to sit in a chair in the computer room of Norfolk Southern's Valdosta, Georgia train depot.[1] Doc. 13-5 at 44:1-12. Smith claims he saw O'Neal's "arm fly and hit the ground" and saw O'Neal on the ground in the computer room. Doc. 13-4 at 39:23-40:2. Smith then called Trainmaster Rodrea Booze about the incident and handed the phone to O'Neal who told Booze he had fallen out of the chair. *Id.* at 52:6-19; Doc. 13-9 at 18:3-11. Later, O'Neal called Booze to request medical attention. Doc. 13-5 at 67:10-12. Booze then travelled to Valdosta from Macon, Georgia and took

---

[1] O'Neal has filed his own claim arising from this incident against Norfolk Southern. *O'Neal v. Norfolk S. Ry. Co.*, No. 5:16-cv-519 (M.D. Ga. 2016).

O'Neal to the South Georgia Medical Center. Docs. 13-9 at 36:15-19; 13-11. Later that day, through his investigation into the incident, Booze became aware that O'Neal had attempted to call Norfolk Southern's "Operations & Service Support" (OSS) before he fell and that the call was recorded. Docs. 13-9 at 88:23-89:4; 17 at 3 n.4. That recording included a conversation between O'Neal and Smith in which O'Neal states he "caught himself." Doc. 13-14 at 20. Booze interpreted this recording to be inconsistent with Smith and O'Neal's version of events and believed that O'Neal had never actually fallen from the chair. Doc. 13-9 at 81:13-25. Soon after, on February 8, 2016, Smith was charged with "making false and/or conflicting statements to a supervisor." *Id.* at 90:18-91:10, Ex. 4. On March 2, 2016, Norfolk Southern conducted an official investigation, or hearing, in which Smith was represented by union officials; the hearing officer, Richard Brown, determined that Smith lied about the incident. *See generally* Doc. 13-14. Smith was then fired from his employment with Norfolk Southern on March 16, 2016. Doc. 13-12.

After unsuccessfully appealing his dismissal to the Public Law Board, Smith filed a complaint alleging a retaliation claim under the Federal Railway Safety Act (FRSA), 49 U.S.C. § 20109. Docs. 1; 17-3. The parties then filed dueling motions for summary judgment. Norfolk Southern moved for summary judgment on all issues while Smith moved for summary judgment on all issues except damages. Docs. 13; 18. The Court held a hearing on those motions on May 11, 2018. Docs. 25; 28.

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), a court "'can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists'" and that the movant is entitled to judgment as a matter of law. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 940, 952 (11th Cir. 1986)); *Gray v. Manklow (In re Optical Techs., Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001). When the movant bears the burden of proof at trial, the movant holds the initial burden to establish there is no genuine dispute concerning whether the elements of the claim or defense have been met. *See United States v. Four Parcels of Real Prop.*, 941 F.2d 1428,1438 (11th Cir. 1991). In response, the non-movant may defeat summary judgment by producing "significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (alteration in original).

In contrast, "[w]hen the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)). The movant "simply may show . . . that there is an absence of evidence to support the [non-movant]'s case." *Id.* at 1438 (internal quotation marks and citation omitted). "Assuming the [movant] has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp.*, 281 F.3d at 1224-25 (citing *Celotex Corp.*, 477 U.S. at 324).

A factual dispute is genuine so as to defeat summary judgment "only if a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quotation marks omitted). When determining if there is a genuine dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). And "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. When both parties have moved for summary judgment, the standard of review does not change. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (internal quotation marks and citation omitted). The Court will consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *See Am. Bankers Ins. Grp.*, 408 F.3d at 1331.

## III. DISCUSSION

To prove retaliation under the FRSA, a plaintiff must first prove by a preponderance of the evidence that (1) he engaged in a protected activity; (2) the employer knew he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action. *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 769 (8th Cir.

2014); *Araujo v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 157 (3d Cir. 2013). After the employee makes this showing, the burden shifts to the employer to demonstrate by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of the unprotected activity. *Consolidated Rail Corp. v. United States DOL*, 567 F. App'x 334, 337 (6th Cir. 2014).

O'Neal argues there is no genuine dispute that he met his burden under the FRSA framework and that Norfolk Southern cannot meet its burden. Conversely, Norfolk Southern argues there is no genuine dispute that O'Neal cannot meet his prima facie case or, alternatively, that it has met its burden under the FRSA framework.

Here, it is undisputed that Smith suffered an unfavorable personnel action. Docs. 17-4 ¶ 33, 37; 22-2 ¶ 3. But a genuine fact dispute remains regarding other elements of his prima facie case. First, Smith claims he engaged in protected activity by reporting to Booze that O'Neil had fallen, because this represented both a report of a workplace injury and a hazardous work condition—that a chair was broken. Doc. 13-1 at 6; 49 U.S.C. § 20109(a)(4) (prohibiting retaliation against an employee who replaces a workplace injury), (b)(1)(A) (prohibiting retaliation against an employee who reports a hazardous workplace condition). But Norfolk Southern disputes whether O'Neal actually fell from the chair, a position it bases on its interpretation of the OSS recording, which is, at the very least, ambiguous. Doc. 18-1 at 4-7. Simply put, there is a factual dispute as to whether O'Neal fell from the chair and, accordingly, whether Smith engaged in good faith protected activity by reporting that event. Moreover, Norfolk Southern also disputes that Smith intended to report an injury when he called Booze, arguing that "[f]rom an objectively reasonable standard, the evidence . . . demonstrates

Smith was merely reporting an incident, not an injury." *Id.* at 7. Smith concedes that

O'Neal had not told him he was injured when he called Booze, and thus he did not *know*

that he was injured at that time. Doc. 22 at 2. But Smith states that, when he asked if

O'Neal was alright, that Smith noticed O'Neal "looked out of it, like confused . . . kind of

dazed . . . like everything was just still confusing for him at the time." *Id.*; Doc. 13-4 at

75:16-18. Further, Norfolk Southern argues that Smith did not intend to report a

hazardous work condition when he told Booze the chair was broken because he did not

reference other chairs at the facility. Doc. 18-1 at 7-10. Indeed, Smith only reported the

one broken chair, but, after learning of that broken chair, Booze inspected the other

chairs at the Valdosta Depot and found several that were structurally defective. Docs.

13-9 at 20:4-11, 22:9-12; 22 at 2-3. Based on the record, the Court cannot say as a

matter of law whether Smith engaged in protected activity. Rather, a genuine dispute of

fact remains concerning that issue.

Further, because there is a genuine dispute as to whether Smith engaged in

protected activity, there is naturally a dispute as to whether the protected activity was a

contributing factor in Norfolk Southern's decision to terminate Smith's employment.[2]

Norfolk Southern rightfully argues that it can defeat this element of Smith's prima facie

case by proving it had a reasonable basis to belief that Smith lied to Booze. Doc. 18-1

at 14-15. What matters is not the correctness of Norfolk Southern's decision to fire

Smith but whether Norfolk Southern had a reasonable basis to believe Smith lied to a

supervisor, which, in turn, led to that decision. *See Kuduk*, 768 f.3d at 792 ("[F]ederal

---

[2] In its brief, Norfolk Southern argues that it was not aware of Smith's protected activity because the hearing officer, Brown, was not aware of the protected activity until the hearing. Doc. 18-1 at 11. At the May 11, 2018 summary judgment hearing, Norfolk Southern walked back from this dubious argument and agreed that the "decision-maker knew about the alleged protected acts." Doc. 28 at 15:6-11.

courts do not sit as a super-personnel department that re-examines an employer's disciplinary decisions." (quotation marks and citation omitted)).  As stated, Norfolk Southern primarily hinges its assertion that Smith lied on its interpretation of the OSS recording.  But that recording, and Norfolk Southern's other evidence, is open to interpretation.  And the Court cannot say as a matter of law that Norfolk Southern's decision to fire Smith, or its basis for doing so, was reasonable as a matter of law. Rather, there is a genuine dispute concerning the reasonableness of Norfolk Southern's decision, which involves both factual disputes and credibility determinations.[3] Accordingly, there is a genuine dispute as to whether Smith has established a prima facie case of retaliation.

Moreover, Norfolk Southern has not established by clear and convincing evidence that it would have taken the same adverse action against Smith if not for the protected activity.  Rather, the undisputed facts show that the reason for Smith's termination was rooted in the alleged protected activity—Norfolk Southern claims Smith lied when he reported that O'Neal had fallen, the very activity Smith claims to be protected activity.

In sum, neither party has established there is no genuine dispute of material fact. There is a genuine dispute as to whether O'Neal can meet the elements of his prima

---

[3] The OSS recording contains the following exchange between O'Neal and Smith:

> O'Neal: Boy, I almost had me –
> Smith: You alright?
> O'Neal: Yeah. I caught myself but I almost – I almost had me one boy.
> Smith: Golly (or God-ly).

Doc. 13-14 at 20.

facie case. And there is a genuine dispute as to whether Norfolk Southern can meet its burden under the FRSA burden-shifting framework.

## IV. CONCLUSION

Accordingly, Norfolk Southern's motion for summary judgment (Doc. 13) and Smith's motion for partial summary judgment (Doc. 18) are **DENIED**.

**SO ORDERED,** this 6th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT